Rudell HARTWELL, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART,
Defendant–Appellee.

No. 04–2342–CV.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2005.

Rudell Hartwell, Astoria, NY, for Appellant, pro se.

Varuni Nelson, Assistant United States Attorney (Barbara L. Spivak, Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, Kathleen Mahoney, Assistant United States Attorney, Leslie A. Ramirez–Fisher, Special Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee, of counsel.

Present: MINER, CABRANES, Circuit Judges, and CURTIN,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff Rudell Hartwell appeals *pro se* from the District Court's March 15, 2004 Memorandum Order granting the motion of defendant, the Commissioner of Social Security, for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff commenced this action seeking review of a November 22, 2000 decision, in which an administrative law judge ("ALJ") concluded that the Commissioner had properly reduced plaintiff's retroactive widow's benefits of $59,736.00, *see* 42 U.S.C. § 402(e), which covered a period from March 1990 to December 1996, by $37,078.90 in order to offset Supplemental Security Income ("SSI") that had been paid to plaintiff during the covered period. *See* 42 U.S.C. § 1320a–6; 20 C.F.R. § 416.1123(d)(1). On appeal, plaintiff maintains the Commissioner should not have deducted the full $37,078.90 from her widow's benefits, because she did not receive that amount in SSI benefits.

On appeal, we review *de novo* the administrative record to determine whether "substantial evidence" supports the ALJ's decision. *See* 42 U.S.C. § 405(g); *Pollard v. Halter,* 377 F.3d 183, 188–89 (2d Cir. 2004). "Substantial evidence" need not lead inexorably to the ALJ's conclusion, but need only consist of " 'such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion.' " *Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir.2002) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). If our review of the administrative record reveals that substantial evidence supports the ALJ's decision, then the decision of the ALJ must be upheld. *See* 42 U.S.C. § 405(g); *Rutherford v. Schweiker,* 685 F.2d 60, 62 (2d Cir.1982) (explaining that this Court would be "derelict in our duties" if we "shap[ed] our holding to conform to our own interpretation of the evidence").

---

Upon review of the record, we conclude that the ALJ's determination that the full $37,078.90 was properly deducted from plaintiff's widow's benefit payment is supported by substantial evidence. We have considered all of plaintiff's claims on appeal and find them to be without merit. We hereby AFFIRM the judgment of the District Court.